

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

Ashoni D Toler,
 Plaintiff,
V.

Allstate,
 Defendant.
Civil Action No.: _____
JURY TRIAL DEMANDED

Case: 2:26-cv-10232
Assigned To : Grey, Jonathan J.C.
Referral Judge: Stafford, Elizabeth A.
Assign. Date : 1/22/2026
Description: CMP TOLER v.
ALLSTATE (MC)

COMPLAINT FOR EMPLOYMENT DISCRIMINATION, RETALIATION, AND HOSTILE WORK ENVIRONMENT
(Title VII of the Civil Rights Act of 1964)

## I. INTRODUCTION

1. This is an action for damages and equitable relief arising from Defendant's unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

2. Plaintiff was subjected to race- and gender-based discrimination, a hostile work environment, and retaliation for engaging in protected activity under Title VII.

3. Defendant terminated Plaintiff shortly after she complained to Human Resources about discriminatory treatment, without any documented performance deficiencies or progressive discipline.

## II. JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

5. Venue is proper in this district under 28 U.S.C. § 1391(b) because the unlawful employment practices occurred within this district and Defendant conducts business here.

6. Plaintiff has satisfied all administrative prerequisites by filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and was issued a Notice of Right to Sue on or about January 6, 2026.

## III. PARTIES

7. Plaintiff Ashoni Denice Toler is an individual and a Black woman who was employed by Defendant.

8. Defendant Allstate is a corporation engaged in insurance and property claims business, employing more than 15 employees and subject to Title VII.

## IV. FACTUAL ALLEGATIONS

9. Plaintiff was employed by Defendant as a Property Claims Adjuster from approximately April 11, 2024 until discharge on or around June 13, 2025.

10. Plaintiff reported directly to Kara Hart, who exercised supervisory authority over her employment, and was subjected to excessive micromanagement, heightened scrutiny, and unequal treatment.

11. This pattern of discriminatory treatment created a hostile work environment for Plaintiff and similarly situated Black female employees.

12. Similarly situated white employees were afforded greater autonomy, support, and favorable treatment.

13. Plaintiff's manager initiated an HR investigation against another Black female employee under circumstances consistent with the same pattern of discriminatory conduct.

14. Plaintiff's manager frequently referenced her former husband, who is Black, describing their divorce as "nasty," contributing to a racially charged and hostile work environment.

15. Plaintiff reported this conduct to Human Resources, engaging in protected activity under Title VII.

16. Shortly thereafter, Plaintiff was terminated without warnings, performance improvement plans, disciplinary records, or documented justification.

17. The temporal proximity between Plaintiff's HR complaint and her termination supports an inference of retaliation.

18. Defendant's stated or implied reasons for termination were pretextual.

## V. CAUSES OF ACTION

### COUNT I – Race Discrimination (Title VII)

19. Plaintiff incorporates all prior paragraphs.

20. Defendant subjected Plaintiff to disparate treatment based on race, including unequal assignments, heightened scrutiny, and termination, in violation of Title VII.

21. Plaintiff suffered adverse employment actions, including termination.

### COUNT II – Gender Discrimination (Title VII)

22. Plaintiff incorporates all prior paragraphs.

23. Plaintiff was discriminated against as a Black woman.

24. Defendant treated Plaintiff less favorably than similarly situated employees outside her protected class, including white male and female employees, in violation of Title VII.

### COUNT III – Hostile Work Environment (Title VII)

25. Plaintiff incorporates all prior paragraphs.

26. Defendant subjected Plaintiff to unwelcome conduct based on race and gender.

27. The conduct was sufficiently severe or pervasive to alter the terms, conditions, and privileges of Plaintiff's employment.

### COUNT IV – Retaliation (Title VII)

28. Plaintiff incorporates all prior paragraphs.

29. Plaintiff engaged in protected activity by complaining to HR and filing an EEOC charge.

30. Defendant terminated Plaintiff because of that protected activity.

31. Plaintiff's protected activity and termination, Defendant, through Plaintiff's manager, opposed Plaintiff's application for unemployment benefits despite the absence of any documented misconduct or policy violation. This conduct constitutes further evidence of retaliatory animus and a continuing effort to punish Plaintiff for engaging in protected activity under Title VII.

32. Defendant's actions violated Title VII's anti-retaliation provisions.

## VI. DAMAGES

33. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered:
   a. Lost wages and benefits
   b. Emotional distress and mental anguish
   c. Damage to professional reputation
   d. Loss of career opportunities

## VII. PRAYER FOR RELIEF

34. WHEREFORE, Plaintiff respectfully requests that this Court:
   A. Declare Defendant's conduct unlawful
   B. Award compensatory and punitive damages
   C. Award costs and court fees pursuant to 42 U.S.C. § 2000e-5(k)
   D. Grant all other relief deemed just and proper by the Court

## VIII. JURY DEMAND

35. Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Ashoni Toler
Plaintiff, Pro Se
8085 Kensington Blvd Apt 518, Davison MI, 48423
248.892.8863
atoler1990@gmail.com

EXHIBIT A: EEOC NOTICE OF RIGHT TO SUE (placeholder)

EEOC No. 832-2026-00082

# CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| CHARGE PRESENTED TO: | AGENCY CHARGE NO. |
|---|---|
| EEOC<br>Michigan Department Of Civil Rights | 832-2026-00082 |

Name *(indicate Mr., Ms., Mrs., Miss, Dr., Hon., Rev.)*: Ashoni D. Toler

Phone No.:       258-892-8863

Year of Birth:       1990

Mailing Address: 8054 Kensington Blvd Apt 528

DAVISON, MI 48423

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: Allstate

No. Employees, Members: 501+ Employees

Phone No.: (847) 402-2297

Mailing Address: P.O. Box 660636

DALLAS, TX 75266, UNITED STATES OF AMERICA

Name:

No. Employees, Members:

Phone No.:

Mailing Address:

DISCRIMINATION BASED ON:

Race, Retaliation

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 04/01/2025

Latest: 06/13/2025

THE PARTICULARS ARE:

I began work for Allstate on or about April 11, 2024, as Claims Adjuster (Property Claims). I became a Claims Adjuster (Renter's Claims) in or around April 2025.

From the beginning of my employment, I have experienced constant addition of additional tasks being assigned and harassing behavior from my manager, race, White. In around April 2025, I transitioned to another team. Following my performance review (with my prior team) I was supposed to receive a 3% raise, but I only received a 1% raise. In or around May 2025, I made a formal complaint to Human Resources (HR), regarding my manager's behavior with no resolution. This behavior continued until my discharge on or about June 13, 2025. I believe I was discriminated against be being subjected to harassment, changes in assignment, and denial of wages due to my race, Black/African American, as well as discharge out of retaliation for engaging in a protected activity.

I believe I was discriminated against because of my race, Black, and retaliated against for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

EEOC Form 5 (06/24)

Page 1 of 3

## CP ENCLOSURE WITH EEOC FORM 5 (06/24)

### PRIVACY ACT STATEMENT

Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (09/24).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so *within 15 days* of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA, Section 207(f) of GINA, and 42 USC 2000gg-2(f)(1) of the PWFA it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC No. 832-2026-00082 | FEPA No.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct, and that I have read each page of this form.

_1/6/26_

**Charging Party Signature & Date**

8085 Kensington blvd Apt 518
Davison MI 48423
248-892-8863

If a state or local Fair Employment Practices Agency (FEPA) requires notarization, you may need to sign the charge in the presence of a notary. If so, please do so here.


I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.


_____

Notarized Signature of Charging Party


Subscribed and sworn to before me this date:


Signature of Notary_____

Printed Name _____

JS 44 (Rev. 10/20)

**CIVIL COVER SHEET**

County in which action arose: _____

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS** Ashoni D Tolv

**DEFENDANTS** Allstate

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
pro se Ashoni Tolv
8085 Kensington blvd #01 518 Davison MI 248 892 8563

Attorneys *(If Known)*
HR legal po box 660636 Dallas, TX 75266

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | |
|---|---|
| [X] 1 U.S. Government Plaintiff | [ ] 3 Federal Question *(U.S. Government Not a Party)* |
| [ ] 2 U.S. Government Defendant | [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine / [ ] 368 Asbestos Personal | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability / Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / Habeas Corpus: | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [X] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education / [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | / [ ] 550 Civil Rights | | | |
| | / [ ] 555 Prison Condition | | | |
| | / [ ] 560 Civil Detainee - Conditions of Confinement | | | |

442

**V. ORIGIN** *(Place an "X" in One Box Only)*

[X] 1 Original Proceeding   [ ] 2 Removed from State Court   [ ] 3 Remanded from Appellate Court   [ ] 4 Reinstated or Reopened   [ ] 5 Transferred from Another District *(specify)*   [ ] 6 Multidistrict Litigation - Transfer   [ ] 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Employer wrongfully terminate
Brief description of cause: complaint holds information

**VII. REQUESTED IN COMPLAINT:**
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____